## MEEHAN *v.* WATSON.

Opinion delivered April 9, 1898.

ACTIONS—CONSOLIDATION.—A cause of action on an account by a firm against a defendant should not be joined with an action to recover rents by a member of such firm against the same defendant, pending in the same court, under Sand. & H. Dig., § 5707, providing that "whenever several suits shall be pending in the same court by the same plaintiff against the same defendant for causes of action which may be joined, or where several suits are pending in the same court by the same plaintiff against several defendants, which may be joined, the court in which the same may be prosecuted may, in its discretion, order such suits to be consolidated into one action." (Page 216.)

Appeal from Woodruff Circuit Court in Chancery.

GRANT GREEN, JR., Special Judge.

### STATEMENT BY THE COURT.

Appellants, Meehan & McGowan, sued appellee in the circuit court upon a mutual running account for an alleged balance due of $714.49, embracing transactions between the parties of about three years duration, amounting in the aggregate to over $4,500; and about the same time Charley Meehan brought suit before a justice of the peace for an alleged balance due for rents of $199.53, which cause was brought into the circuit court by appeal by the appellant, Chas. Meehan.

At the August term of the Woodruff circuit court, 1895, at which term said suits stood for trial, appellee filed an answer to appellant's complaint, denying the indebtedness alleged and stating that upon a fair accounting the balance would be in his favor.

Appellee, by way of counter-claim and cross-complaint, stated that Charles Meehan and John W. McGowan were partners under the firm name of Meehan & McGowan, and as such carried on a general mercantile business, and each of them were

engaged in farming and renting land in their individual capac-
ity; that for three years appellee rented land from Charles
Meehan, obtaining supplies from the firm of Meehan & Mc-
Gowan and delivering to them all the products of his farming
operations to be applied in the payment of rents for each year,
the balance to be applied to the payment of his supply account;
that, during the time of doing business with said parties, ap-
pellee did a large amount of improvement, and performed la-
bors for Charles Meehan, at his request, amounting to over five
hundred dollars; that the account between appellee and appel-
lants, in their individual character and as a firm, were kept
by the firm of Meehan & McGowan, and that the firm account
and the individual account were so intermingled as to render
them intricate, and so confused as to make it impossible for
appellee to obtain adequate relief in a court of law; that
there had never been a settlement of the matters of account
between the parties; that said Charles Meehan had struck
an arbitrary balance in his favor of $199.53, to prevent ap-
pellee from pleading a set-off of proceeds of crops against
the rents, which crops and produce had been received by the
firm and misappropriated to the account of Meehan & McGowan.
Appellee further alleged that the produce delivered to Meehan
& McGowan for the payment of rents was more than sufficient
to pay all the rents due; that many of the items charged to ap-
pellee in the account of Meehan & McGowan should have been
charged to Charles Meehan, being furnished for the improve-
ments made on his farm; and the items of loaned money were
usurious and fraudulent, being for more than ten per cent. per
annum interest.   Appellee prayed in his cross-complaint that
the case of Meehan & McGowan and the case of Charles
Meehan be consolidated and transferred to the equity docket,
and that an account be taken and stated between the parties,
and that the account of Meehan & McGowan be purged of all
the usurious items, and the appellee have judgment for all items
which may be due him from Charles Meehan and from Meehan
& McGowan, and for general relief.

     After hearing the motion to transfer to equity, the court
ordered that the two cases be consolidated and transferred to
the equity docket.

The appellants failing to deny the cross-complaint, the court directed a reference to the master to state the account between the two parties.

*Norton & Prewittt*, for appellants.

.Where the amount in controversy is above the amount of the jurisdiction of a justice of the peace, the circuit court acquires no jurisdiction on appeal.    57 Ark. 257; 48 Ark. 353. It was error to consolidate the causes, because there was a diversity of parties plaintiff.    Sand. & H. Dig., § 5763, *et seq.* It is intricacy and complication of accounts that justifies the assumption of jurisdiction by the chancellor.    48 Ark. 426.

*J. N. Cypert*, for appellee.

The intricacy and complication of accounts was such as to give a court of equity jurisdiction.    48 Ark. 426.

HUGHES, J., (after stating the facts.)    Section 5707 of Sandels & Hill's Digest provides that "whenever several suits shall be pending in the same court by the same plaintiff against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court by the same plaintiff against several defendants, which may be joined, the court in which the same may be prosecuted may, in its discretion, order such suits to be consolidated into one action."

We do not think this case comes within the above statute, because the plaintiffs are not the same in the two cases, and the issues are not the same.    We think the court erred in ordering the two cases consolidated.

Reversed and remanded, with directions to try these cases separately.