ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* RAINES.

Opinion delivered May 10, 1909.

1. ACTIONS—CONSOLIDATION—OBJECT OF ACT.—The object of the act of May 11, 1905, providing for the consolidation of causes, was to save a repetition of evidence and an unnecessary consumption of time and costs in actions depending upon the same or substantially the same evidence or arising out of the same transactions. (Page 484.)

2. TRIAL—CONSOLIDATED ACTION—JOINT JUDGMENT.—Where, upon a consolidation of two damage suits by two plaintiffs against the same

defendant and growing out of the same transaction, judgment in the two cases for a lump sum was rendered, defendant cannot complain if he neither excepted thereto nor made the exception a ground in his motion for new trial. (Page 484.)

3. Witnesses—competency—general objection.—Where separate actions by husband and wife against the appellant were tried together, the husband was competent to testify in his own action, and a general objection to his testimony was insufficient to call for an instruction that it was not competent in the wife's action. (Page 485.)

Appeal from Drew Circuit Court; *Henry W. Wells,* Judge; affirmed.

### STATEMENT BY THE COURT.

Sarah J. Raines brought suit in the Drew Circuit Court against the St. Louis, Iron Mountain & Southern Railway Company to recover damages in the sum of $1,500 for physical injuries received by her while alighting from defendant's passenger train at the station of Morrell in the State of Arkansas.

W. R. Raines, her husband, also brought suit against the railway company to recover damages in the sum of $500 for loss of services and expenses of her illness, resulting from the injury.

By order of court, the two cases were consolidated for the purpose of trial. The jury returned a verdict in favor of the plaintiffs in the sum of $1,000. From the judgment rendered thereon the defendant has duly prosecuted an appeal to this court.

*E. B. Kinsworthy* and *Lewis Rhoton,* for appellant.

1. The discretion of the court under the act of May 11, 1905, to consolidate cases is not absolute, and should be exercised, as provided by the act itself, only "conformably to the uses of courts . . . . in the administration of justice," and "when it appears reasonable to do so." Consolidation of these suits opened the way for the introduction of incompetent evidence.

2. Even where cases are "consolidated for the purpose of trial," there is no amalgamation of issues and causes of action. They are separate and distinct, each is to be made out and maintained on its own evidence, and separate verdict and judgments should be rendered. 83 Ark. 255; *Id.* 288; 145 U. S. 293.

3. The testimony of W. R. Raines was incompetent, which was accentuated by the failure of the court to direct in which

case it should be considered. Kirby's Dig., § 3095; 33 Ark. 817; 57 Ark. 163; 77 Ark. 431.

*Knox & Hardy,* for appellees.

1.  That there was no error in consolidating the cases, is conclusively settled by this court. 83 Ark. 255; *Id.* 288.

2.  The failure to bring in separate verdicts was not objected to at the time, nor assigned as error in the motion for new trial. Appellant cannot now complain. Kirby's Dig., § § 6222 and 6215, sub-div. 8; 43 Ark. 391; 70 Ark. 418; 74 Ark. 557; 75 Ark. 312.

3.  Objection was made to the testimony of W. R. Raines, whereupon the court said, "I understand he has a case of his own. He may testify"—thus limiting his testimony to his own case. Each was a competent witness in his or her own case. Kirby's Dig., § 6017, subdiv. 2; 54 Ark. 159; 37 Ark. 298.

Hart, J. (after stating the facts). Counsel for appellant assigns as error the action of the trial court in making an order that the cases be "consolidated for the purpose of trial and the two cases are to be tried together."

This order was made conformable to the act of our General Assembly of May 11, 1905, and we are of the opinion that the court did not abuse its discretion in making the order. The statute was evidently passed to meet just such cases, "in order to save a repetition of evidence and an unnecessary consumption of time and costs in actions depending upon the same, or substantially the same evidence, or arising out of the same transactions." *St. Louis, I. M. & S. Ry. Co* v. *Broomfield,* 83 Ark. 288; *St. Louis, I. M. & S. Ry. Co.* v. *Hardin,* 83 Ark. 255.

2.  Counsel for appellant assigns as error the action of the court in not directing separate verdicts and in not rendering separate judgments. This the court should have done, as indicated by the ruling in *St. Louis, I. M. & S. Ry. Co.* v. *Hardin, supra.* But the appellant is in no attitude to complain of the action of the court in refusing to do this; for it did not save any exception to the ruling of the court on that point. To render an assignment of error available on appeal, an exception must not only be saved at the trial to the ruling of the court, but the exception must be preserved in the motion for a new trial. This

has been held so often as to render a citation of authorities unnecessary.

Moreover, the verdict was not as much as was sued for in the case of Sarah J. Raines, and it is not even insisted by counsel for appellant that the verdict was excessive.

3.   Counsel for appellant insists that the testimony of W. R. Raines, the husband of Sarah J. Raines, as to the time, place, occasion and manner in which his wife was injured was incompetent. This testimony was competent in his own suit. *Railway Co.* v. *Amos,* 54 Ark. 159; *Klenk* v. *Noble,* 37 Ark. 298.

Counsel for appellant made only a general objection to the introduction of this testimony. He should have asked that the testimony should be limited to the case in which it was competent, and that it should speak only in that case. Not having asked that it should be confined to the case of W. R. Raines, in which it was admissible, appellant is not now in an attitude to complain. *Bodcaw Lumber Co.* v. *Ford,* 83 Ark. 555. Moreover, the court excluded from the jury all that part of it which was not competent in his own case.

It is not insisted that there is not sufficient evidence to sustain the verdict, or that the verdict is excessive. Therefore, it is not necessary to make a statement of it.

Finding no prejudicial error in the record, the judgment is affirmed.