WILEY v. STATE.

5033 356 S. W. 2d 240

Opinion delivered April 9, 1962.

[Rehearing denied May 7, 1962.]

E. V. Trimble and L. H. Mahon, for appellant.

Frank Holt, Attorney General, by Jack L. Lessenberry, Asst. Attorney General for appellee.

JIM JOHNSON, Associate Justice. Appellant prosecutes this appeal from a conviction of grand larceny. She raises two points on appeal:

(1) The court erred in failing to direct a verdict in her favor.

(2) A mistrial should have been granted because of her interrogation as to previous arrests.

Without engaging in an extended discussion of the evidence, we are of the opinion that there was sufficient evidence to warrant submission of the issue of appellant's guilt or innocence. Suffice it to say that there was testimony to the effect that defendant was in the company of two thieves who were shoplifting at the time and that one of the thieves put some stolen merchandise into a box which was being supported on the knees of the defendant. This testimony was sufficient to make a jury question as to whether the defendant was knowingly aiding and abetting the two thieves.

Appellant's second point must be rejected because she did not request a mistrial in the two instances wherein she was interrogated as to previous arrests. Her counsel merely objected to the questions, the objections were sustained and the court admonished the jury not to consider such questions. It is fundamental that an appellant cannot complain of such an alleged error unless (1) he makes some request of the court; (2) the court refuses the request; (3) appellant saves his exceptions to the court's ruling; and (4) preserves the point in a motion for a new trial. *Freyaldenhoven v. State*, 217 Ark. 484, 231 S. W. 2d 121.

Affirmed.