Austin L. BOYETTE *v.* STATE of Arkansas

5585                                                    465 S. W. 2d 901

Opinion delivered April 26, 1971

*Lester E. Dole,* for appellant.

*Ray Thornton,* Attorney General; *Milton R. Lueken,* Asst. Atty Gen., for appellee.

George Rose Smith, Justice. Shortly after noon on June 24, 1970, Ella Lewis, an 80-year-old resident of Hampton, was brutally attacked by an assailant who used some sort of blunt instrument to inflict two heavy blows upon Mrs. Lewis's head. The wounds quickly proved fatal. The appellant, charged with first degree

murder, was convicted of second degree murder and was sentenced to imprisonment for 21 years. His principal contention for reversal questions the sufficiency of the proof.

The State's case rested upon circumstantial evidence, but we find it amply sufficient to sustain the verdict. The crime was discovered not long after noon when Mrs. Lewis, sitting on her own front porch, sought help from some passing high school students. The students did what little they could, and obtained medical assistance, but the situation was hopeless. The police investigation indicated that robbery had been the assailant's motive. There was blood inside the house— especially in the bedroom, where the attack apparently occurred. The decedent's purse, which she customarily kept pinned inside the front of her dress, had been torn away and stuffed under the mattress, with only 3 or 4 pennies left in it. It was also shown that Mrs. Lewis usually kept her food in a small box, which she wrapped in a bread paper and stored in her freezer.

Boyette, the appellant, is apparently an alcoholic. On the morning of the crime he appeared at a liquor store in Hampton, begged a dollar from the proprietor, who knew him well, and bought a fifth of a gallon of wine with the dollar. Later in the morning Boyette came back and vainly tried to sell the proprietor some frozen food from a small box wrapped in a bread paper. Still later Boyette came back again with 55 cents in change and bought a smaller bottle of wine.

It was shown that during the lifetime of Mrs. Lewis's husband, Boyette had stayed with the couple at times. The jury were warranted in inferring that Boyette knew where the decedent kept her money and her food. There was also extremely damaging testimony from witnesses who saw Boyette running away from the back part of the victim's house at about the time the assault must have taken place. Boyette was drunk when he was arrested later that same afternoon.

There was other corroborating proof that we need not narrate. There were also discrepancies, such as dif-

ferences about exact times of day, of the kind that often emerge when witnesses give their own versions of an exciting or violent occurrence. Such conflicts in the testimony are matters to be considered by the jurors when they weigh the testimony. We find in the record an abundance of substantial evidence to support the verdict, which concludes our inquiry into the sufficiency of the proof.

The appellant also complains about the trial court's action in allowing the State to show that before Mrs. Lewis went into a coma she stated that it was Boyette who had hit her. That statement is not shown to have been admissible, but the court corrected the error by later admonishing the jury not to consider it for any purpose. The defense was apparently satisfied with the admonition, for there was no renewal of the objection nor any request for a mistrial. In the circumstances, no reversible error appears. *Howe* v. *Freeland,* 237 Ark. 705, 375 S. W. 2d 666 (1964); *Wiley* v. *State,* 234 Ark. 1006, 356 S. W. 2d 240 (1962).

Affirmed.