### Robert L. MARSHALL v. STATE of Arkansas

5571                                            466 S. W. 2d 920

Opinion delivered May 3, 1971
[Rehearing denied June 7, 1971.]

*W. M. Herndon,* for appellant.

*Ray Thornton,* Attorney General; *Ken Stoll,* Asst. Atty. Gen., for appellee.

John A. Fogleman, Justice. This appeal by Robert L. Marshall from his conviction of the attempted burglary of the McSpadden Drug Store in North Little Rock is grounded upon his argument that the evidence was not sufficient to present a jury question. We think that it was.

The drug store was equipped with a burglar alarm system connected by direct line on the telephone system with speakers in the respective bedrooms of the McSpadden brothers, who owned the drug store. David McSpadden testified that he was awakened by sounds from the speaker at about 1:30 a.m., January 8. His brother called the police. The two then proceeded to the store, arriving about 10 minutes after the sounds were first heard. When

they arrived they found three police cars and three or four policemen at the scene. The police had taken into custody two persons, whom the McSpaddens could not identify, and were bringing them, handcuffed, around the building where the drug store was located toward one of the police cars, in which they were then placed and taken to the police station. Inspection revealed that the roof of the drug store had been cut from the outside and some of the decking broken.

The weather was quite cold, and some snow had fallen earlier. As David McSpadden recalled there was quite a bit of snow on the ground around the buildings but not on the streets, and the sidewalks were not covered with snow. There was a marquee on the front of the building over the sidewalk. A barber shop and a washateria were near the drug store building.

Traffic Patrolman Larry Dubose was patrolling about two blocks from the drug store when the incident was reported to him at about 1:30 a.m. He testified that he arrived at the drug store a minute or so later and proceeded to check the doors of the building and walked around to the back of it. By this time, three other police officers had arrived. He said he noticed more than one set of footprints in the snow leading up on the back of the store via a roof or a shed. According to him there was about one-half inch of snow in this area, and the footprints were clearly visible and freshly made. Dubose followed the footsteps up on top of the store building. He testified that he found three crowbars, a hammer, a small chisel, a screwdriver, an open knife, two saws and some rope. He observed footprints on the roof leading over to the side of the building. He turned the tools he found over to Officer McFarlin when he came down. At that time McFarlin and Officer Lange had appellant Marshall and a man named Tommy Lawson in their custody.

Officer Lange was only two or three minutes' travel away when he received the call from the police department. He testified that, upon arrival, he saw Marshall and Lawson about 50 feet from the building walking

westwardly away from it. Patrolman McFarlin received the call at about 1:38 a.m., and arrived shortly thereafter. He testified that he started checking the drug store doors, but that Dubose came to the front of the building and reported that this had already been done. According to McFarland, Dubose then went to the rear of the building and hollered that he had found footprints. McFarlin testified that he then proceeded around the building and observed Marshall and Lawson walking away in a westerly direction. They stopped when this officer commanded them to do so. He and Lange then took them into custody. They searched both suspects. Both officers testified that they found no knife or any weapon on either. McFarlin testified that they backtracked the footprints from the place these suspects were standing when arrested to the building and found that they terminated a few feet from the edge of the building. Lange testified that he saw Dubose with a knife. McFarlin said that Dubose handed him the knife and that he took it to police headquarters, where Marshall claimed it when he placed it between two piles of property of the two suspects. Lange corroborated the testimony that Marshall claimed the knife. Both these officers testified that an official report that Officer McFarlin found the knife on top of the building was erroneous.

Marshall claimed that he had left his girl friend's house about 2½ blocks from the drug store only a few minutes before he was arrested, and stopped at the washateria to use a telephone. He testified that he was en route to the ice house to telephone for a cab when the officers called for him and Lawson to stop. His version was that no officers came to them, but that upon command they proceeded to the officers at the front corner of the drug store. He said that Officer McFarlin then searched him and took the knife from his person. He admitted previous convictions of larceny and possession of burglar tools.

This testimony, considered in the light most favorable to the state, was certainly sufficient circumstantial evidence to present a question of appellant's guilt for jury determination. Appellant points out certain incon-

sistencies in the testimony (such as Lange's statement that the footprints extended about 35 feet from the wall of the building and his statement that appellant and Lawson were apprehended about 50 feet from the building) and conflict of the officers' testimony with the police department report with respect to the knife and alleged conflicts in their testimony about when, where and by whom it was found. Resolution of conflicts in the testimony was a jury function, which it has performed, so that we are bound. *Boyette* v. *State,* 250 Ark. 536, 465 S. W. 2d 901; *Murchison* v. *State,* 249 Ark. 861, 462 S. W. 2d 853.

Appellant argues that the circuit court erred in permitting the state to introduce circumstantial evidence of footprints in the snow without their being identified as those of appellant. We take the circumstantial evidence that appellant made one set of the footprints to be rather strong.

We find no error. The judgment is affirmed.