MUÑIZ, PLAINTIFF AND APPELLEE, *v.* EL ZENIT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1795.—Decided January 21, 1919.

JUDGMENT BY DEFAULT—FRIVOLOUS MOTION.—As a general rule, when a motion not frivolous on its face is pending, a default judgment for the plaintiff

cannot be entered; but when the motion appears on its face to be frivolous and it clearly appears that the motion should not be sustained, or when the ruling on the motion in any way could not affect the right of the plaintiff to proceed with the cause, it is not reversible error to enter a judgment by default.

ID.—OPENING DEFAULT—CHANGE OF VENUE—PLEADING.—The refusal of the district court to open the default on the ground that a motion for change of venue was pending when the judgment was rendered, is not error warranting the reversal of the judgment when it appears that a previous motion to quash the summons had been overruled as frivolous; that the motion for change of venue was not accompanied by an affidavit of merits, and that the defendant at no time suggested to the lower court that it had any defense on the merits. In the circumstances of this case, inadvertence, mistake, or excusable neglect cannot be urged for the first time on appeal.

ID.—COMPLAINT—ACCOUNTING.—The default of a defendant admits all matters well pleaded in the complaint. · After examining the facts stated in the complaint and set forth in the opinion in this case, it was held that no accounting was necessary, but that the facts themselves were sufficient to constitute a cause of action.

The facts are stated in the opinion.

*Mr. Manuel Benítez Flores* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court

Manuela Muñiz, surviving spouse of Manuel Vázquez, brought suit against an insurance company called "El Zenit" for $1,500, legal interest, costs, disbursements and attorney fees.

The summons was served on October 19, 1917, and on November 6 defendant moved to quash the same.

On November 26 the court, at the instance of plaintiff, dismissed the motion to quash, as frivolous, and ordered defendant to pay plaintiff $15.00 to cover cost of appearance at the hearing and further within ten days to file an answer on the merits, with the alternative suggestion of a judgment as prayed for in the complaint.

On December 1 defendant moved to set aside the order last above mentioned, setting forth among other things that on the day of the hearing above mentioned, or the day before, defendant had filed a motion for a change of venue together with an affidavit of merits, and that the motion

to quash had thus been abandoned, circumstances apparently not brought to the attention of the court at the hearing.

On December 14 the court rescinded its previous order and on the same day the clerk, at the instances of plaintiff, entered default and immediately thereafter a judgment for the amount specified in the summons, and costs.

On December 26 defendant moved to open the default on the grounds, first, that the same should not have been entered pending a hearing of the motion for change of venue, and, second, that in any event such judgment could have been rendered only by the court on proper application, with notice to defendant.

The court overruled this motion and defendant appealed from the judgment entered by the clerk, from a ruling on the motion for change of venue and from the order overruling the motion to open the default.

The court did not definitely dispose of the motion for change of venue, but in the course of its ruling on the motion to open the default and before reaching the dispositive portion, remarked that, "in the first place, the said motion for a change of venue must be dismissed, because the same was not accompanied by an affidavit showing that the defendant had a good defense to the action."

Appellant insists, first, that the application for entry of default was not proper pending a decision of the motion to quash, of the motion for change of venue and of the motion to strike defendant's motion to quash; second, that the secretary was without power to enter a default or judgment by default in the present case; third, that the court erred in overruling the motion to open the default, thus depriving defendant of its opportunity to answer, notwithstanding the pendency of the undecided motions above mentioned, and notwithstanding the want of power on the part of the secretary to enter such judgment in the instant case; and fourth,

that the complaint did not state facts sufficient to constitute
a cause of action,

As pointed out by the trial court, the motion for a change
of venue was not accompanied by an affidavit of merits and,
in the absence of demurrer or answer, there was practically
nothing before the court. The record does not show that in
the court below defendant invoked the aid of section 140 of
the Code of Civil Procedure, nor does it disclose any basis
whatever for relief under that section, had the trial court
been disposed of its own motion to go out of its way to grant
the same. It does not appear that defendant at any time
after the entry of default even intimated to the trial judge
that it had a good defense, or any defense whatever, on the
merits. If as suggested in the brief of appellant the failure
to attach an affidavit of merits was due to inadvertence, mis-
take or excusable neglect, then that explanation of the mat-
ter should have been made below. Whatever the extenuating
circumstances, if any, may have been, they cannot be urged
for the first time on appeal.

As a general rule, where a motion not frivolous on its
face is pending and undisposed of, it is improper for the
plaintiff to take a judgment by default. *Atchison, Topeka
& Santa Fe Ry. Co.* v. *Lambert*, Ann. Cas. 1913 E, 329
and note.

But, "where the motion upon its face appears to be frivo-
lous, and it clearly appears that the motion could not have
been granted, or where the determination of the motion either
way could not affect the right of the plaintiff to proceed
with the cause, it would not be reversible error to enter a
judgment by default." *Rice* v. *Simmons*, 89 Ark. 359; 116
S. W. 673.

Here one dilatory motion had been stricken as frivolous.
In the absence of any answer or affidavit of merits there
was nothing to indicate that the motion for a change of
venue was in good faith and not merely for the purpose of

further delay. In the circumstances the motion for a change of venue was so obviously frivolous that both plaintiff and the court were fully justified in disregarding it. *A fortiori*, the abandoned motion to quash the summons and the motion to strike such abandoned motion, already once stricken as frivolous, did not stand in the way of a judgment by default. No prejudice is shown and any error committed was harmless.

The complaint alleged in substance that the defendant is a cooperative mutual insurance company organized under the laws of Porto Rico for the purpose of aiding its members financially in the event of accident, and the heirs of such members in case of death; that the members of the defendant corporation are divided into two classes, first and second, and, in the event of death or accident to a member of the second class, the quota to be paid by each member to enable the company to aid the victim or in case of death, the heirs, is the sum of one dollar; on information, believed by plaintiff to be correct, that at the times mentioned in the complaint the defendant corporation had 1,500 members, each and every one of whom paid to the defendant the sum of $1, amounting to a total of $1,500, to cover the accident described in the complaint; that Manuel Vázquez, from May 14, 1916, to January 24, 1917, was a member of the second class and paid to the defendant company his entrance fee, and up to the date of his death, which occurred on January 24, 1917, complied with all other obligations resting upon him as such member; that said Vázquez was a farmer, and on January 24, 1917, while at work in Añasco, had a fit and died instantly, notice of which was given on the same day to the defendant corporation; that at the time of his death Manuel Vázquez was the husband of plaintiff, had no legitimate or recognized ascendants or descendants, and left as his sole and universal heir the plaintiff, Manuela Muñiz; that notwithstanding the lapse of more than sixty days after in-

vestigation and ascertainment of the death of Manuel Váz-
quez, said defendant had not paid plaintiff all or any part
of the $1,500 due her by reason of said accident as sole heir
of said deceased, notwithstanding the demands made in this
regard.

No accounting was necessary. The default of defendant
admitted all matters well pleaded. The complaint perhaps
is not a model of its kind, but we think the facts stated are
sufficient to constitute a cause of action.

The judgment and order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and
Aldrey concurred.