His Honor held that, as a matter of right and as the only way in which the case could be tried to do full justice between the parties, the defendants were entitled to a severance and separate trial, and so ordered. The plaintiffs excepted and appealed.
(96) It was agreed that no exception should be taken to said appeal at this stage of the action.
P. J. Lee, being duly sworn, says that the defendants in the above entitled cause, in addition to the answer heretofore filed, respectfully present to the court the following statement of facts:
"That the tract of land set forth and described in the complaint, of which plaintiffs seek possession in this action, embraces a large village, or town, situated opposite the city of Newberne, on the Trent River, known as James City; that said town was settled some time during the late war between the States, and that most of the defendants have resided therein since the first settlement, or soon thereafter; that there was, at the time of the institution of this suit, and is at this present time, about fifteen hundred inhabitants in said James City, and about four hundred separate lots or parcels of land, on which there are houses inhabited by families, besides churches, school houses, etc., used by the inhabitants thereof; that in most instances these separate lots have been occupied and held by the persons resident thereon as their own property, many exchanges and some sales by deed being made among the inhabitants, and on the death of the parties in possession, as aforesaid, their widows and children, or heirs at law, have taken and retained possession of said property and occupied and held the same as their own; that in their defense to this action, the defendants claim title and the right to possession under a general deed of conveyance affecting all of the defendants, and their respective possessions of their separate pieces or parcels of land under the general deed of conveyance aforesaid; and further, defendants claim title and right of possession as aforesaid by reason of their separate possession of separate tracts or lots of land, each possession being independent of the other, and a number of the defendants have deeds of conveyance to as many independent separate pieces or lots of land included within the (97) general conveyances above mentioned, which they hold as colors of title claiming possession by metes and bounds under each of said deeds; that defendants make their defense on their different muniments of title as stated; that the facts herein set forth are stated on advice, information and belief; that in addition to the above the defendants are informed and believe that another action has been commenced, returnable to this term of this court, by the said plaintiff, against over three hundred of the inhabitants of the said James City, as they are advised *Page 101 
and believe, to recover from said inhabitants the lands claimed by them in said James City, the same being part of the land described in the complaint in this action. PHILIP J. LEE.
Sworn to and subscribed before me this 2 December, 1889.
JAS.C. HARRISON, Deputy Clerk Superior Court.
COMPLAINT
The plaintiff complains of the defendants, and alleges —
1. That they are owners in fee of the realty following, to wit: Beginning on the south side of Trent River at Ferry Point at the south end of the railroad bridge, and running up with the east side of Trent River to the main road at the east foot of the Trent bridge; thence down and with the public road leading from Newberne to Beaufort, in Carteret County, south 79° east 349 poles, to Scott's Creek; thence down and with the same to Edward Parish's corner; thence with his southwest lines to Neuse River; thence with the river northwesterly to the beginning.
2. That they are entitled to the immediate possession thereof.
3. That the defendants are in possession thereof and wrongfully withhold the same from the plaintiffs.
Wherefore, the plaintiffs demanded judgment — (98)
1. For the possession of said premises.
2. That they are entitled to the same in fee simple absolute.
3. For $500 damages for withholding the same.
James A. Bryan, one of the plaintiffs above named, being duly sworn, says that the facts set forth in the above complaint are true of his own knowledge, except as to those matters stated therein on information and belief; as to those he believes them to be true.
JAMES A. BRYAN.
Sworn and subscribed to before me this ...... day of November, 1881.
ANSWER.
All of the defendants named in the summons in the above case, answering the complaint herein filed, save and except Willis Claggan and Peter Claggan, say:
1. That they deny the first allegation of the complaint.
2. That the second article of the complaint is not true.
3. That the third article of the complaint is not true. *Page 102 
Wherefore, the defendants pray judgment —
1. That said case may be dismissed, and that they may go without day.
2. That they may have judgment against the plaintiffs for costs.
State of North Carolina — Craven County.
Philip Lee and Southey B. Hunter, being duly sworn, depose and say that they are defendants in the above action, and that the facts set forth in the foregoing answer, as of their own knowledge, are true; those stated upon information and belief, they believe to be true.
SOUTHEY B. HUNTER.
PHILIP J. LEE.
Sworn to and subscribed before me this 20 June, A.D. 1882.
In actions to recover land it is sufficient if the complaint distinctly describe a tract of land and allege that the defendant is in possession of some part of it. Speight v. Jenkins, 99 N.C. 143. It is a well established rule that a number of trespassers, who have settled upon different parts of one tract of land, or upon several, that are contiguous and have been consolidated by the owner of them into one body, may be sued in a single suit brought by the latter to recover possession and have the title adjudicated. Thames v. Jones, 97 N.C. 121; Love v. Wilbourn, 5 Ired., 344; Lenoir v. South, 10 Ired., 237.
After such an action has been brought, it is within the sound discretion of a nisi prius judge, on motion of the defendants, or any of them, to allow a severance and a separate trial of the issue of title and possession as to each defendant, if, in the opinion of the court, "justice will thereby be promoted." The Code, sec. 407. It was error to hold that the defendants had a right to demand separate trials, and, as the judge made the order upon the ground that he was not at liberty to deny the motion, the judgment of the court must be reversed, to the end that a similar motion may be submitted and passed upon in the exercise of a purely discretional power.
Where an order of severance is made, it is equivalent to dividing one into a number of distinct actions with almost all of the expense that would have been incident to a suit against each alleged trespasser, and, therefore, it is proper that every defendant should be required to proceed *Page 103 
in the same way, or to make the same provision as to securing the costs of trying the issues involving his own title and possession as if he had been the sole defendant. The Code, sec. 227.
It is, moreover, within the discretion of the court to require (100) each of the defendants, in a case like this, after severance, to file an answer in the nature of a bill of particulars specifically describing the land claimed by him, and disclaiming as to the other land embraced in the deed declared upon by the plaintiff. The Code, 259; Fitzgeraldv. Shelton, 95 N.C. 519. There is error. The judgment appealed from is reversed.
Error.
Cited: Pretzfelder v. Ins. Co., 116 N.C. 496; Lucas v. R. R.,121 N.C. 509; Weeks v. McPhail, 128 N.C. 137.