RICE *v.* SIMMONS.

## Opinion delivered February 8, 1909.

1. JUDGMENTS—TAKING DEFAULT WHILE MOTION UNDISPOSED OF.—Though it is generally irregular to enter a judgment by default while a motion made by defendant remains pending and undisposed of, yet where the motion appears on its face to be frivolous, or where the determination of the motion could not affect the right of the plaintiff to proceed with the cause, it would not be reversible error to enter a judgment by default.  (Page 360.)

2. SAME—PENDENCY OF FRIVOLOUS MOTION.—It was not reversible error to enter judgment by default for want of answer, notwithstanding defendant had filed a motion to require plaintiff to file copies of the notes sued on as exhibits to the complaint, if copies thereof were attached to the complaint at the time it was filed and so remained. (Page 360.)

3. SAME—MOTION TO SET ASIDE—MERITORIOUS DEFENSE.—It was reversible error to deny a motion to set aside a judgment by default, filed within four days after its entry, which alleged that defendant had made payments upon the notes sued upon and that credit therefor had not been given in the judgment.  (Page 360.)

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; reversed.

*R. G. Davies,* for appellant.

The court had no jurisdiction to render judgment by default until it had passed upon the motion of defendant.   15 Colo. 372; 28 Ill. 317; 20 Ia. 138; 8 Colo. 188; 9 *Id.* 597; 15 *Id.* 372.

*A. J. Murphy,* for appellees.

FRAUENTHAL, J.   On April 15, 1908, the appellees filed their complaint in the Garland Chancery Court seeking to recover a judgment against appellant on certain notes and to have same decreed to be a vendor's lien on real estate.   The notes were set out in the complaint, and copies thereof were attached thereto as exhibits at the time of the filing of the complaint. Summons was issued thereon, and service thereof made on defendant for the time and in the manner prescribed by law.

On May 5, 1908, the defendant filed a motion in said court asking that the plaintiffs be required to file copies of the notes mentioned in the complaint as exhibits thereto.   On May 26, 1908, without formally disposing of this motion, the court en-

tered a judgment by default against the defendant. On May 30, 1908, the defendant filed a motion to set aside this default judgment on the ground, as this motion states, that defendant had previously filed a motion to require the plaintiff to file the original notes sued on, and that motion had not been acted on. In this motion to set aside the default judgment it is also alleged that the defendant made payments on the notes amounting to $170 for which credit was never given, and this motion was duly verified. The court overruled the motion to set aside the default judgment; and the defendant has duly appealed to this court.

It is contended that the lower court committed an error in entering the default judgment before disposing of the motion of defendant, which had been filed prior thereto. It is generally irregular to enter a judgment by default while a motion remains pending and undisposed of. But where the motion upon its face appears to be frivolous, and it clearly appears that the motion could not have been granted, or where the determination of the motion either way could not affect the right of the plaintiff to proceed with the cause, it would not be reversible error to enter a judgment by default. 6 Enc. Plead. & Prac. 93; 23 Cyc. 751; *Collins* v. *Gauche,* 23 Ark. 646.

In this case the motion by defendant was to require plaintiff to file copies of the notes as exhibits to the complaint. But this had been done; and the copies of the notes were attached to the complaint at the time it was filed and so remained. It may be that the defendant desired to require the plaintiffs to file the original notes, but his motion does not so state. It clearly appears that this motion could not have been granted. It was therefore not reversible error to enter the judgment by default before formally disposing of this motion.

But within four days from the entry of the default judgment, and at the same term of the court, the defendant filed a motion to set aside the default judgment. In this motion he states that he had filed a motion to require plaintiff to file the original notes prior to the entry of the default judgment. Whilst he is in error as to this, yet it indicates that in all probability that was his intention when filing that motion, in order to see what credits were actually placed thereon. And

in this motion to set aside the default judgment he also sets forth a meritorious defense. He alleges that defendant had made payments on the notes, and that credit therefor has never been given. He alleges the amount of these payments, and that he has receipts therefor. The defendant was technically in default on the day judgment was entered; but he was waiting for the motion which he had filed to be acted on, although he had no legal right to do so. He was not present when default judgment was entered, and had at the time no notice thereof. Within reasonably prompt time after the entry of the default judgment he filed this motion to set same aside. Under these circumstances the defendant should be given an opportunity to make his defense. To that end the judgment and decree by default should be set aside, and permission given to defendant to file answer. And it is so ordered.

Reversed and remanded with above directions.