## CATLETT *v.* BRADLEY.

Opinion delivered February 29, 1932.

*Patterson & Patterson,* for appellant.

*Brock & Williams,* for appellee.

McHANEY, J. Appellees, twelve separate and distinct landowners, brought this suit in one action for the cancellation of twelve separate and distinct conveyances of mineral rights under their respective parcels of land situated in Johnson County, Arkansas, on the ground of misrepresentation and fraud in the procurement thereof. The conveyances were made at different times by separate instruments. Eleven of them were made to appellant Catlett, and one to appellant Vance. They were procured by the other appellants acting separately. Appellants filed a motion to strike improperly joined causes of action and to require appellees to elect, which the court overruled. They then demurred on several different

grounds, which was also overruled. They then filed a motion to dismiss for misjoinder of cause of action, which was also overruled. Thereafter appellant Catlett filed a separate answer, denying that any fraud was practiced on any of the appellees, in procuring the conveyances, by him or his codefendants, and alleged that each of the grantors in the instruments of conveyance had full knowledge of the nature of the instrument executed by him, and that it was executed voluntarily for the purpose of conveying the rights purported to be conveyed by such instrument, and that it was a valid instrument in his favor. The case was submitted to the court upon the pleadings, and the depositions taken on behalf of appellees, from which the court found in their favor and entered a decree canceling all the separate instruments mentioned in the complaint.

The record in this court is incomplete. The decree of the court recites that it was heard upon depositions taken on behalf of appellees. These depositions are not brought into the record by bill of exceptions or otherwise. There is a conclusive presumption therefore that the evidence before the court was sufficient to support the findings and decree of the court. *Dumas* v. *Crowder*, 178 Ark. 143, 10 S. W. (2d) 43; *Franklin County* v. *Smith*, 178 Ark. 666, 11 S. W. (2d) 446.

It is urged, however, that the court erred in failing to dismiss the complaints on their motion so to do on misjoinder of causes of action, and that the demurrer was improperly overruled. Conceding for the sake of argument that the causes of action were improperly joined, such misjoinder did not and could not prejudice appellants in any manner, since, if separate causes of action had been instituted, it would have been proper to have consolidated them for trial and heard them together. Section 1081, Crawford & Moses' Digest, provides: "When causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such

orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so.''

These actions, if they had been brought separately, were against the same parties, were of a like nature, and all related to the same question, and would therefore have been subject to consolidation for trial. *St. L., I. M. & S. R. Co.* v. *Broomfield,* 83 Ark. 288, 104 S. W. 133; *Mahoney* v. *Roberts,* 86 Ark. 130, 110 S. W. 225; *Van Troop* v. *Dew,* 150 Ark. 560, 234 S. W. 992. In the two cases last cited it was held that it was not prejudicial error to join several causes of action having sufficient identity to justify consolidation under § 1081 of the Digest, *supra.* Many other cases might be cited to the same effect.

As to the demurrer, it is argued that the allegations of the complaint were insufficient to show fraudulent misrepresentation in law. The complaint alleged in each case that the appellants represented to each grantor that he was signing a lease for oil and gas to the tract of land conveyed and persuaded them to sign an instrument which turned out to be a mineral deed and not an oil and gas lease. It was further alleged that the conveyance was wholly without consideration. We think this was sufficient allegation to state a cause of action for fraud and deceit in procuring the execution of the instruments, and not open to demurrer. Appellants answered, denying any fraud or misrepresentation, but the proof in this regard is not before us.

Affirmed.