## SHEPHERD *v.* GRAYSON MOTOR COMPANY.

4-5841                                   139 S. W. 2d 54

Opinion delivered March 25, 1940.

*Madrid B. Loftin* and *Walter L. Pope,* for appellant.
*Wade H. Kitchens, Jr.,* for appellee.

HUMPHREYS, J. Appellants are the sole and only heirs of J. S. Shepherd, deceased, who died intestate in Columbia county, Arkansas, on August 19, 1929. Prior to his death, he executed a note and mortgage on August 4, 1927, to appellee for $200, bearing interest at the rate of 10 per cent. per annum, for a valuable consideration due and payable on the 27th day of September, 1927.

On April 27, 1928, appellee filed a suit in said county against J. S. Shepherd to foreclose the mortgage to satisfy the indebtedness and procured service by warning order in conformity to law for non-residents of the state.

On June 22, 1928, a decree of foreclosure was rendered by default, and the land described in the mortgage was ordered sold at public sale to satisfy the debt of $217.68, the amount then due, by a commissioner of the court after notice in accordance with law.

On August 1, 1928, the commissioner appointed to make the sale advertised it for sale, but prior to the date of the sale it was discovered that by mistake J. S. Shepherd described the land in said mortgage as the SW¼ of the SW¼, section 19, township 18 south, range 18 west instead of the SW¼ of the SW¼, section 7, township 19 south, range 18 west, the latter call being the land owned by him and where he lived.

Appellee then filed a motion to set the decree on foreclosure and order of sale aside. This motion was filed on September 18, 1928, on the ground that a mutual mistake had been made in the description of the land and mortgage and since the decree of foreclosure and order of sale was for the wrong land the same should be set aside. The motion was granted and on the same day appellee filed an amendment to the complaint seeking to reform the mortgage so as to describe the land intended to be conveyed and, as reformed, foreclosed. The description in the mortgage was reformed on the day the amendment to the complaint was filed, and a decree rendered foreclosing the mortgage as reformed. The commissioner was ordered to sell the SW¼ of the SW¼, section 7, town-

ship 19 south, range 18 west, which he did after advertising the sale in the manner and for the time provided by law. The land as correctly described was sold by the commissioner on the 17th day of October, 1928, and the sale was confirmed by the court on October 22, 1928. At the sale appellee became the purchaser, and the commissioner executed a deed to him correctly describing the land which deed was filed for record and recorded on October 23, 1928.

In the meantime J. S. Shepherd had permitted the land to forfeit for the nonpayment of the taxes for 1927 and moved off the land. Appellee redeemed the land from the tax sale on January 3, 1929, took possession thereof and has paid the taxes thereon each year since that time.

The second decree reforming the mortgage and foreclosing the same entered on the 10th day of September, 1928, makes the following recital:

"And it appearing that due service by publication of a warning order against said defendant for the time and in the manner prescribed by law, issued on the complaint, has been made in the cause; that a solicitor to defend for the non-resident defendant, J. S. Shepherd, has been appointed for more than thirty days prior to this date, and he has filed his report herein, and this action being reached on the call of the calendar is submitted to the court for its consideration and judgment upon the amended complaint of the plaintiffs with its exhibits, the response of the attorney *ad litem,* the original obligation and deed of trust sued on herein, and the proof of publication of the warning order, and the evidence of S. J. Matthews taken orally in open court."

About ten years after J. S. Shepherd died, appellants, his surviving children and heirs, brought this suit in the second division of the chancery court of Columbia county alleging that the decree of reformation and foreclosure rendered by the court on the 10th day of September, 1928, was void on its face for the want of proper service, and that appellee had been in

possession thereof since October 22, 1928, the date of the commissioner's deed to it, and on account of the invalidity of the foreclosure decree it had been in possession as mortgagee; that during said time it had cut timber on the land of the value of $500 and prayed that they be permitted to redeem from sale by paying the debt, interest and taxes less the value of the timber removed.

Appellee filed an answer denying that the decree of reformation and foreclosure and sale were void and admitting that it had been in possession of the land for the time alleged, not as mortgagee, but as owner thereof under its purchase at the sale of the land to satisfy its debt, interest and costs and prayed that appellants' suit to redeem the land be dismissed for want of equity.

The cause was submitted to the court upon the pleadings, exhibits and testimony resulting in a decree dismissing appellants' complaint and quieting and confirming the title to the land in appellee as against appellants and each of them, from which is this appeal.

Appellants contend that in order to reform the mortgage by correctly describing the land which J. S. Shepherd intended to convey to secure his indebtedness, it was necessary to obtain personal service upon him, arguing that a reformation of an instrument conveying real estate was and is a proceeding *in personam,* and that, since the decree of reformation and foreclosure rendered on September 10, 1928, reciting that only constructive service was obtained, the decree is void on its face. If this contention is correct, the reformation of a conveyance of land where a mutual mistake has been made cannot be reformed if the mortgagor or grantor has made a mutual mistake in describing the property and thereafter becomes a non-resident of the state. We think constructive service would be sufficient under such circumstances to correct a misdescription in an instrument of conveyance of land. Certainly a grantée or a mortgagee would not be without remedy to have a mutual mistake corrected in an instrument simply because personal service could not be obtained upon the grantor or mortgagor.

Appellants contend, however, that the decree of foreclosure and order of sale rendered on September 10, 1928, reflects on its face that no service of any kind was obtained on J. S. Shepherd after the original complaint was amended so as to pray for a reformation of the description in the mortgage, arguing that the allegation and prayer for a reformation was a separate and distinct action from that in the foreclosure proceeding and that before the reformation could be granted there must have been another service or additional service upon J. S. Shepherd. In support of appellants' contention he cites the rule announced in 34 C. J., p. 157, as follows: "Where the declaration or complaint is amended in matter of substance after defendant has defaulted, the amendment opens up the case in default and a valid judgment can not thereafter be entered on the default, unless the defaulting defendant is properly notified of or served with the amended pleading and given an opportunity to plead and then fails to do so within the proper time."

It will be observed that it was only necessary to obtain a second service where a complaint has been filed in case the complaint has been amended in matter of substance. We do not think that an amendment to a complaint seeking the foreclosure of a mortgage so as to correct a description therein made by mutual.mistake is an amendment of the complaint in matter of substance. The gist of the complaint was to foreclose a mortgage lien on the land and apply the proceeds thereof to the payment of a debt. Where mutual mistake had been made in the description of the land and the amendment sought only to correct the misdescription, it was clearly an incident to the main cause of action and not an amendment setting out a new or separate cause of action. Of course if the substance of the amendment was to set up a new or different cause of action or separate cause of action, then it would have been necessary to get a new service before a judgment could be rendered on the amended complaint. As stated above the main purpose of the complaint was to foreclose a lien upon the land intended to be conveyed, and if the land was misdescribed it was only an incident to the

main purpose of the complaint to ask or pray for a reformation so as to describe the land intended to be conveyed.

Having concluded that the decree rendered on September 10, 1928, was not a void decree on its face, it becomes unnecessary to take up the issue joined as to the timber or value thereof which appellee removed from the land. The timber it removed was removed from its own land which it acquired under a valid decree of foreclosure.

No error appearing, the decree is afirmed.