CAINE *v.* LUNON.

4-7796 190 S. W. 2d 521

Opinion delivered January 21, 1946.

*Oscar Barnett,* for appellant.

*W. A. Singfield,* for appellee.

McHANEY, J. Appellees, who are the heirs-at-law of Jeff Lunon, deceased, brought this action of eject-ment against appellants, to recover the possession of lot 2, in block 1, Nelson Williams Addition to Gurdon, Arkan-sas. They deraigned title from a deed of the Commis-sioner of State Lands, dated January 8, 1943, based on a tax forfeiture and sale to the State in 1939, to E. J. Lunon, and a deed from said E. J. Lunon and wife to ''E. J. Lunon, Bessie Williamson, Pernella Lunon and all other heirs of Jeff Lunon, deceased.'' This deed further pro-vides: ''This deed is given for the purpose of conveying to the heirs of Jeff Lunon, deceased, said lot, which was bought from the State of Arkansas by E. J. Lunon for the forfeiture of the taxes of 1939.'' They alleged that they are the owners of said lot and entitled to the posses-sion thereof; that appellants are in the unlawful posses-sion and refuse to surrender same to them after demand therefor, with a prayer for possession and that appellants be ejected.

Appellants demurred because the complaint did not state a cause of action, and that the court had no juris-diction of the action. They also filed a motion to dismiss because no affidavit of tender was made under §§ 4663 and 4664 of Pope's Digest. Neither the demurrer nor the motion appears ever to have been presented to the court for action thereon. They answered with a general denial.

They later amended their answer by stating that they had paid the State $43.49 for the purchase of the lands claimed by appellee, and they attached to said amendment a copy of their correction deed from the State, showing that on May 24, 1941, the State had conveyed to appellant R. C. Caine a tract of land in the City of Gurdon, not platted, which had been forfeited and sold to the State for the 1937 taxes, and described as follows: "Pt. N½ NW¼ Sec. 33, Twp. 9, S., Range 20 W., lands not platted."

Trial resulted in a judgment by default for appellees, appellants having failed to appear and defend the action.

We think the Court erred in entering judgment against appellants by default, particularly in ejectment where the title to real property is involved. As far back as *Boyer* v. *Robinson*, 6 Ark. 552, it was held that a judgment by default, while defendant's plea of a general denial is undisposed of, is error. In *Yell* v. *Outlaw*, 14 Ark. 621, it is said, on page 623, that, "It is a clear proposition that a plaintiff would not be entitled to judgment when there is a good plea in unanswered," citing *Cole* v. *Wagnon*, 2 Ark. 154, and the Boyer case, *supra*. The same rule applies when there is a demurrer undisposed of, *Taylor* v. *Coolidge*, 17 Ark. 454, or a motion, unless it is frivolous, *Rice* v. *Simmons*, 89 Ark. 359, 116 S. W. 673.

Here, as above stated, there was a demurrer, a motion, and an answer, all undisposed of when judgment by default was entered. This was error.

The judgment is accordingly reversed and the cause remanded for a new trial.