LOWREY, ADMINISTRATOR *v.* YATES.

4-8323                                    206 S. W. 2d 1

Opinion delivered December 1, 1947.

*Ward Martin,* for appellant.

*Abe Collins,* for appellee.

HOLT, J. Juanita Yates, appellee, on July 9, 1946, sued E. W. Yates for divorce and alimony. She alleged statutory grounds for divorce and prayed for "a reasonable sum each month for her support," costs, attorneys' fees and all proper relief. Constructive service was had on E. W. Yates, he being a nonresident. The attorney *ad litem,* appointed for him, filed his report November 25, 1946, stating that "I have made due inquiry as to the whereabouts of the defendant, Edward W. Yates, and his whereabouts cannot be ascertained." On the same date, November 25th, an order of general attachment was issued directing the sheriff of Howard county to attach the property of Yates or so "much thereof as will satisfy the claim of Juanita Yates, the plaintiff, . . . for $3,000 and $25 for the cost thereof." Bond was executed by appellee and on November 30th an attachment was levied on the following Howard county

land: "Fractional SE¼ of NW¼, W¾ of W½ of SE¼ and SW¼ of NE¼, all in section 18, township 6 south, range 30 west." On November 27, 1946, the clerk issued a general attachment order directed to the sheriff of Little River county and a levy was made on the following property in Little River county: "S½ of NW¼, section 9, township 13 south, range 32 west, and lot 4 in block 1, Bell's Addition to the town of Rocky Comfort, called Foreman."

.Thereafter, on December 27, 1946, appellee filed an amendment to her complaint in which she alleged: "Shortly before defendant abandoned plaintiff on May 12, 1946, he sold and disposed of the following personal property, which belonged to plaintiff, all the equipment used in his office, including sheets, pillows, pillow cases, and hospital beds, one automobile sold for $1,000, one registered Holstein male, and 3 registered Holstein cows, 2 horses, 10 rolls of wire, a lot of farm tools and implements, several other head of cattle, 3 ice boxes and 1 juke box in a negro cafe in Foreman, worth $100; he also collected the money arising from the sale of two houses belonging to the plaintiff in the negro section of Foreman.

"Plaintiff is a trained nurse, and for many years prior to said separation, she worked right with the defendant in his office continuously without salary or compensation of any kind, and through the joint efforts of plaintiff and defendant, they had accumulated savings, just prior to said separation, amounting to at least $10,-000, which was in cash and in government bonds, and when the defendant abandoned and deserted the plaintiff, as aforesaid, he took with him all of said money and bonds and the proceeds from the sale of all of said property belonging to the plaintiff, and has fully failed to account to the plaintiff or turn over to her any part of said money and bonds."

Her prayer was "that she have and recover of and from the defendant, the full value of all of her said property so converted to his own use by him, and also such a sum as will reasonably and fairly compensate her for

her portion of said joint earnings of plaintiff and defendant, and for all other proper and equitable relief to which she may be entitled.''

January 2, 1947, the cause was tried and a decree entered granting appellee a divorce, and a personal judgment against E. W. Yates for $5,000. The attachments were sustained and it was ordered that ''all interests of defendant, E. W. Yates, . . . sold for the satisfaction of this decree.''

Pursuant to the decree, the lands were sold, and purchased by appellee. Her bid for the Howard county land was $1,000, and $2,000 for that in Little River county. Both of these amounts were credited on the decree for $5,000. The sales were duly reported, approved, and confirmed on April 12, 1947, and certificates of purchase issued to appellee.

Subsequent to the decree, E. W. Yates remarried, and on July 11, 1947, thereafter, died. The cause has been revived here in the name of his administrator, widow and James E. Yates.

Among the grounds for reversal, appellant alleges and contends that ''the amendment stated a new cause of action and the judgment thereon was void because no new service was had after the amendment was filed.''

We think this contention must be sustained.

The record shows, as above indicated, that appellee filed her original complaint July 9, 1946, an amendment thereto on December 27, 1946, and approximately six days later, January 2, 1947, secured her decree.

E. W. Yates was constructively summoned to answer the original complaint. No summons, personal or constructive, was had on him following the filing of appellee's amendment to her complaint.

We think it clear that appellee's amendment to her original complaint stated a new cause of action and that the trial court lacked jurisdiction to proceed thereon in the absence of service on Yates.

402

Appellee, in her original complaint, sought a divorce and alimony. She did not ask that property rights be adjudicated, but in her amendment, as above noted, for the first time, she sought a property settlement and alleged that Yates had sold and disposed of a large amount of personal and real property belonging to her, the proceeds of which, along with other property and accumulated savings through their joint efforts amounting to $10,000 in cash and government bonds, Yates took with him when he abandoned her.

In accordance with her prayer that she recover from Yates "the full value of all of her said property so converted to his own use by him, and also such sum as will . . . compensate her for her portion of said joint earnings of plaintiff and defendant," the court awarded her a personal judgment against defendant, E. W. Yates, in the amount of $5,000.

The general rule is stated in 49 C. J. S., page 340, § 194, in this language: "Where the complaint is amended in a matter of substance after default, a valid default judgment cannot be entered on the amended pleading unless the defendant is duly notified of the amendment and given opportunity to plead. Where the declaration or complaint is amended in a matter of substance after defendant has defaulted, the amendment opens the case in default, and a valid default judgment cannot thereafter be entered on the amended pleading, unless the defaulting defendant is properly notified of, or served with, the amended pleading and given an opportunity to plead, and then fails to do so within the proper time."

The original complaint here was amended in matter of substance and it was therefore necessary to obtain a second service upon Yates to afford him the opportunity to answer and make defense.

In the recent case of *Shepherd* v. *Grayson Motor Company*, 200 Ark. 199, 139 S. W. 2d 54, we said: "Of course if the substance of the amendment was to set up a new or different cause of action, or separate cause of

action, then it would have been necessary to get a new service before a judgment could be rendered on the amended complaint.''

The Supreme Court of California in *Cole* v. *Roebling Const. Co. et al.*, 156 Calif. 443, 105 Pac. 255, said of the reason for the rule: ''The reason for this rule is plain. A defendant is entitled to opportunity to be heard upon the allegations of the complaint on which judgment is sought against him. His default on the original complaint is limited in its effect to that complaint; and, if by amendment a matter of substance is added, he should be given the opportunity to contest the same before any judgment is given against him on account thereof. The law, therefore, requires that the amended pleading shall be served on all the adverse parties, including defaulting defendants.''

For the error indicated, the decree is reversed and the cause remanded with directions to set aside the sale of the property involved, cancel the certificates of purchase to appellee, and for further proceedings consistent with this opinion.