KERR *v.* KERR.

5-2573                                              353 S. W. 2d 350

Opinion delivered February 5, 1962.

608

*Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*Fred A. Newth, Jr.,* for appellee.

JIM JOHNSON, Associate Justice. This is a divorce action. There is no transcript of the testimony. From the bare record before us we are urged by appellant to reverse the trial court, *inter alia,* on the following point:

"Child Custody, Child Support Payment, and allowance of attorney's fees being beyond the scope of the allegations in the complaint, no judgment should have been entered touching these subjects."

Appellee's complaint in its entirety is as follows:

"Comes the Plaintiff, a white person and for her cause of action against the defendant, a white person states:

"That she and the defendant were intermarried on or about the 3rd day of August, 1957, cohabiting as husband and wife until on or about the 30th day of August, 1959, at which time they separated and have not lived together as husband and wife since that time.

"That as a result of this wedlock there was born one male child, Peter Michael, age 2, who is in the care and custody of the plaintiff.

"That the defendant has fussed and nagged habitually and systematically over a long period of time, as well as committed other acts so as to render the plain-

tiff's life intolerable, making it impossible for her to continue to live with him as husband and wife.

"Wherefore, plaintiff prays for an absolute divorce, and for all other proper and equitable relief."

To this complaint appellant, as counsel for himself at this stage of the litigation, filed an answer and counterclaim. Appellee then filed a motion praying that "she be granted alimony pendente lite, solicitor's fees and court costs, and for all other proper and equitable relief."

No separate hearing was had on the motion but the trial court did set the case for a day certain. Thereafter, appellee, in reply, filed a general denial to appellant's counterclaim.

Appellant defaulted in appearance at the trial. The trial court properly applying the rule that no divorce may be granted without the presentation of corroborating evidence to support the complaint, required appellee to produce her evidence and thereupon rendered the following decree by default:

"On this day personally appeared the plaintiff represented by her solicitor, Fred A. Newth, Jr., after having filed a complaint, a warning order having been issued and an attorney *ad litem* having been appointed as required by the laws of the State of Arkansas; proof of publication, report of the attorney *ad litem,* and answer and counterclaim having been filed on behalf of the defendant *pro se,* the reply of the plaintiff and the order of the court setting the above captioned cause for trial on the 19th day of January, 1961, the defendant appeared not and wholly made default; the testimony of the plaintiff and her witness, Paul Vedel Holn Hedegard and William J. Frazier having been taken *ore tenus* before the bar of this court, the court finds that the plaintiff is entitled to the relief sought:

"It is, therefore, ordered, adjudged and decreed:

"That the plaintiff is hereby granted an absolute divorce from the defendant; that the counterclaim is hereby denied and dismissed for lack of equity.

"The court finds that of this union there was born one child, a male, namely, Peter Michael, age 2, and grants the custody of the aforementioned child to the plaintiff, who is the fit and proper person to have the care and custody of said child; the court orders and directs the defendant, Norman Bruce Kerr, to pay the sum of One Hundred Dollars ($100.00) per month into the registry of this court as child support; the first payment being due and payable on the 1st day of March, 1961, and a like amount on the first day of each month thereafter until further orders of this court. The court finds that the defendant, Norman Bruce Kerr, should pay plaintiff's solicitor, Fred A. Newth, Jr., the sum of $100.00 as a fee on or before the 1st day of March, 1961.''

Ordinarily considerable latitude in pleading is given, and if the testimony calls for relief in addition to that called for by the facts stated in the complaint, then the complaint is treated as amended to conform to the proof. The same latitude is not permissible, however, in the instance of a judgment taken by default.

To entitle the plaintiff to relief under her general prayer for all proper equitable relief for such matters as child custody and support, the allegations contained in the complaint must not only afford ground for the relief sought, but must have been introduced to show a claim to relief and not to corroborate her right to the specific relief requested. Otherwise, defendant would be taken by surprise. See *Mason* v. *Gates,* 90 Ark. 241, 119 S. W. 70.

In the opinion of rehearing in the case of *Grytbak* v. *Grytbak,* 216 Ark. 674, 227 S. W. 2d 633, a contested matter in which alimony was awarded and the complaint, although containing allegations pertaining to the financial status of the plaintiff, did not include a specific prayer for alimony, this Court said:

''. . . In her complaint appellant alleged that she was without funds to support herself and pay the costs of litigation and prayed for temporary relief out of

funds belonging to appellee and for all other equitable relief. . . . We have held that the statement of facts in a complaint or cross-complaint, and not the prayer for relief, constitutes the cause of action, and that the court may grant whatever relief the facts pleaded and proved may warrant, in the absence of surprise to the complaining party. . . ." Also see *Smith* v. *Smith,* 219 Ark. 304, 241 S. W. 2d 113. Unlike the *Grytbak* and *Smith* cases, *supra,* the present action is not contested and therefore the parties are held much more strictly to their pleadings in taking default judgments and a more stringent rule of pleading is applicable. See *Lowrey* v. *Yates,* 212 Ark. 399, 206 S. W. 2d 1.

The plaintiff's statement of her cause of action contains no reference to financial problems of any nature or kind. Nor does the complaint contain so much as a hint that any decree touching upon custody or support will be sought. It is apparent from the pleadings here that the plaintiff was seeking but one thing—a divorce. This being true, she cannot enlarge and broaden the scope of the action to include matters foreign to her complaint upon the default in appearance by the defendant.

The applicable rule is succinctly stated in Vol. 49, C. J. S., Judgments, § 214 b (1):

"A judgment for plaintiff by default must strictly conform to, and be supported by, the allegations of the petition or complaint, a closer correspondence between pleading and judgment being necessary than after a contested trial. Defendant's default does not enlarge or broaden plaintiff's claim and rights under the allegations of the petition; nor may the allegations of the petition be enlarged by any evidence offered or introduced on confirmation of the default judgment."

Therefore, since the right to such relief is not inferred from the complaint, that portion of the decree involving child custody and support is reversed and remanded for further proceedings consistent with this

opinion. The attorney's fee is allowed in compliance with appellee's motion.

Reversed in part and remanded.

GEORGE ROSE SMITH, J., not participating.