Jack SAXON v. Arthur F. PURMA

73-265                                508 S.W. 2d 331

Opinion delivered April 29, 1974

*Coffelt, Burrow & Sawyer*, for appellant.

*Davis Duty*, for appellee.

J. Fred Jones, Justice. This is an appeal by Jack Saxon, former sheriff of Benton County, from a circuit court judgment rendered against him by default in favor of the appellee, Arthur F. Purma, on Purma's motion to tax as cost the rental value of land for the storage of mobile homes levied on by Saxon under a circuit court judgment in which the Commissioner of Revenue was the plaintiff and Brown Enterprises, d/b/a Homestead Mobile Homes, was the defendant.

The Commissioner of Revenue obtained a judgment against Brown Enterprises, d/b/a Homestead Mobile Homes, Rogers, Arkansas, and caused a writ of execution to issue on the judgment. The writ was placed in the hands of Sheriff Saxon and he levied the execution on a number of mobile homes belonging to the defendant, Brown Enterprises. The appellee in the case at bar was not a party to the original action, but on October 11, 1972, he and Mrs. Purma filed a motion in the original action designated "Motion to Tax Costs." They alleged in their motion that they are the owners of a tract of land in the City of Rogers; that on January 12, 1972, the plaintiff, Commissioner of Revenue, caused a writ of execution to be issued on a judgment obtained by the Commissioner against Brown Enterprises; that said writ was duly issued by the court and placed in the hands of the Benton County sheriff and was subsequently on January 24, 1972, levied by the sheriff upon fifteen mobile homes, together with office furniture. The petitioners then alleged that in levying the execution the sheriff took possession of the mobile homes, orally contracted with the petitioners to place the mobile homes on a portion of the petitioners' property, where they remained until August 9, 1972. The petitioners alleged that no rental fee had been settled upon by them and the sheriff at the time of the alleged agreement, but that on August 16, 1972, they submitted to the sheriff of Benton County and the Commissioner of Revenue a formal claim and bill for $2,756 as a reasonable rental fee of $1.00 per day per unit. They alleged that both the sheriff and the Commissioner of Revenue had failed and refused to pay the claim, and that the petitioners were entitled to have said claim assessed as proper costs in the action. The petition then prayed as follows:

"WHEREFORE, petitioners pray the court to assess and tax their claim of $2,756.00 as costs in the above case, jointly and each of them severally, against the plaintiff and the Sheriff of Benton County and order the same paid to the petitioners forthwith."

Notice of the motion was served on the parties by ordinary mail.

On October 25, 1972, the appellant Jack Saxon, as sheriff of Benton County, filed a motion to quash the motion filed by Mr. and Mrs. Purma on the grounds that it was actually a complaint stating a separate cause of action separate and distinct from the cause of action in which it was filed, and that service was not obtained as provided by law.

On November 2, 1972, the Commissioner of Revenue filed a response to Purmas' motion to tax costs in which he admitted he caused an execution to be issued on his judgment on January 12, 1972, but did not know when the execution was placed in the hands of the Benton County sheriff or the date the execution was levied. He denied the other allegations in the motion but admitted that both he and the sheriff had failed and refused to pay Purmas' claim. He prayed that the motion to tax costs be dismissed and as a counterclaim against the Purmas, he alleged that they agreed the property could be stored on their premises without cost for a reasonable time, and agreed, through their attorney, that they would assume responsibility for the safety of the property. He then alleged that the property had been damaged in the amount of $10,000, for which he prayed judgment. The Commissioner also cross-complained against Westinghouse Credit Corporation, who claimed a lien on the property, and Charles Tudor as trustee in bankruptcy of the original defendant Brown Enterprises, alleging that on March 15, 1972, he was served with a copy of Notice of First Meeting of Creditors in the matter of Brown Enterprises, Inc., bankrupt under order dated March 14, 1972, together with the usual restraining order. He alleged that any sum deemed to be owing for storage before April 27, 1972, was the responsibility of the trustee in bankruptcy since until that date, the property was in the constructive possession of said trustee.

On November 7, 1972, Mr. and Mrs. Purma filed a reply

to the Commissioner's response and counterclaim stating that they had already pleaded the entry of judgment for the plaintiff Commissioner of Revenue in the original action; the issuance of execution thereon on or about January 12, 1972; and the levy of the execution by the Benton County sheriff on the mobile homes and miscellaneous office equipment "located upon petitioners' land on or about January 24, 1972." The petitioners then denied in their reply that they ever agreed that the storage of the homes upon their land should be without cost, or that they ever assumed responsibility for the property. The petitioners renewed their prayer as follows:

> "WHEREFORE, petitioners renew their prayer for relief as prayed in their original Motion to Tax Costs and further pray that plaintiff's answer and counterclaim against the petitioners be dismissed."

No action was taken on Saxon's motion to quash filed on October 25, 1972, but on the same day a summons was issued in the original cause and served upon him on November 8, 1972. The summons was directed to the coroner of Benton County and commanded him to summon "Jack Saxon, Benton County Sheriff, to answer in twenty days after the service of this summons upon him a *Motion to tax costs filed against Commissioner of Revenue in the Benton County Circuit Court* by Arthur F. Purma and Ruth W. Purma. Petitioners, and warn him that upon his failure to answer, the Complaint will be taken for confessed; and you will make due return of this Summons within twenty days after the date hereof." (Emphasis added).

On January 4, 1973, Westinghouse Credit Corporation responded to the Commissioner of Revenue's cross-complaint. It admitted that the order granting application to reclaim property and ordering sale of property was filed on April 27, 1972, in the United States District Court for the Western District of Missouri, but denied that it was responsible for any delay which may have occurred prior to the date of filing said order.

On January 30, 1973, the Commissioner of Revenue filed a motion to dismiss the motion to tax costs on the ground that the "costs in this action are to be taxed as costs in the bankruptcy action pending in Federal Court and that court

has exclusive jurisdiction over this question." On February 13, 1973, the trial court granted the Commissioner's motion in language as follows:

"On the 13th day of February, 1973, the Commissioner of Revenue's motion for dismissal for lack of jurisdiction came on for hearing before this court. After argument and submission for [sic] briefs, it was found, in so far as the Commissioner of Revenue for the State of Arkansas is concerned, exclusive jurisdiction of the subject matter lies in bankruptcy court, and accordingly,

IT IS HEREBY ORDERED that the motion to tax costs of Mr. and Mrs. Arthur F. Purma is dismissed with prejudice in so far as the Arkansas Commissioner of Revenue is affected."

On February 27, 1973, Jack Saxon, as former sheriff of Benton County, also filed a motion to dismiss Purma's motion to tax costs on the ground that the motion to tax costs should be filed as a part of the bankruptcy action currently pending in Federal Court, and the Benton County Circuit Court had no jurisdiction in the matter. No action was taken by the court on this motion until April 3, 1973, but in the meantime, on March 1, 1973, Mr. Purma filed a motion reciting as follows:

"[P]etitioner's claim was filed herein on the 11th day of October, 1972, as a motion to tax costs; that essentially his cause of action consists of a claim on contract for reasonable rental; that the said contract was entered into between the petitioner and the defendant, Jack Saxon; that the petitioner has no liquidated claim against the defendant in the above cause; that any costs taxable in the above suit resulting from the outcome of petitioner's claim are merely incidental to petitioner's action and are not essential or a prerequisite to same that petitioner's cause was therefore improperly filed as a motion to tax costs in the above cause and should therefore be severed and given separate standing as an independent action in the Benton County Circuit Court.

2. Petitioner further states that separate and independent service of process upon petitioner's cause was had

upon the defendant Jack Saxon; that more than twenty (20) days have elapsed since the said service was accomplished and that the said defendant is therefore in default and the petitioner entitled to judgment.

3. WHEREFORE, petitioner prays the court that his above-styled claim against the defendant, Jack Saxon, be severed and given standing as a separate and independent action in the above court and that the petitioner be permitted to take judgment by default against said defendant, Jack Saxon.''

On April 3, 1973, the trial court denied Saxon's motion to dismiss and granted Purma's motion for severance and default judgment against Saxon in language as follows:

"Now on this 28th day of March, 1973, comes on for decision the Motion to Dismiss of the respondent, Jack Saxon, and the Motion to Sever of the petitioner, Arthur F. Purma, in the above case, and the court being well and truly advised of all the premises here finds:

1. That the Motion to Dismiss of the respondent, Jack Saxon, is without merit and should be overruled.

2. The court finds that the claim of the petitioner, Arthur F. Purma, against the respondent, Jack Saxon, filed as a Motion to Tax Costs in the above cause constitutes a separate and distinct cause of action which should be severed and proceed forward as a separate civil action in this court, and that the said petitioner's Motion to Sever should therefore be granted.

3. The court further finds that the defendant, Jack Saxon, having been duly served with process upon the petition and claim against him by the plaintiff, Arthur F. Purma, and the said defendant having answered not within the time provided by law, the said defendant should be granted ten (10) days from the entry of this Order to show cause why judgment by default should not be entered against him in favor of the plaintiff, Arthur F. Purma, on his claim aforesaid now pending as an independent civil action herein."

On April 13, 1973, Saxon filed a response to the order to

show cause alleging that he did in fact respond to the motion to tax costs by filing his motion to quash on October 25, 1972, and that by virtue of Purma's motion to sever he waived his right to any default judgment against Saxon and Saxon prayed additional time for filing an answer.

On July 5, 1973, the trial court found that it had jurisdiction of the parties and the subject matter, and found that Saxon was justly indebted to Arthur F. Purma in the amount of $2,756 as a fair and reasonable rental for the storage of mobile homes on Purma's land under an oral agreement therefor from January 24 to August 10, 1972. The trial court entered default judgment in favor of Arthur F. Purma against Jack Saxon in the amount of $2,756, together with interest at six per cent from April 24, 1973, together with all costs of action for which execution might issue as provided by law.

On appeal to this court Saxon designated the points he relies on for reversal as follows:

"That the trial court erred in entering the default judgment because the appellant herein had filed a responsive pleading to the original motion filed by the appellee.

That the trial court erred in entering a default judgment because the appellee by his motion to sever materially altered the nature of this lawsuit and therefore waived the right to take a default judgment.

That the trial court erred in not sustaining the motion to dismiss filed by appellant herein because this matter is properly a matter for the bankruptcy court."

Actual service was had on Saxon after he filed his motion to quash, so we shall only discuss his second and third assignments.

A sheriff has no discretion in carrying out an execution ordered by a court of competent jurisdiction toward the satisfaction of a valid judgment. Indeed, a sheriff is subject to severe penalties if he fails to do so. In addition to other statutory penalties, a sheriff is liable for the whole amount of the execution if he fails or refuses to levy it. Ark. Stat. Ann. § 30-1001 (Repl. 1962).

Ark. Stat. Ann. § 12-1725 (Repl. 1968) provides as follows:

> "The Sheriff, Constable or other officer shall safely keep all property taken or seized under legal process, and shall be allowed by the court the necessary expenses of doing so, to be paid by the plaintiff, and taxed in the cost."

Mr. and Mrs. Purma and Jack Saxon were not parties to the original suit and only became involved in it when the Purmas filed their motion on October 11, 1972, to tax their claim as costs in the action to which Saxon had never been a party. We may reasonably assume that all the parties were familiar with the provisions of § 12-1725, *supra*, and that the "Motion to Tax Costs" filed by the Purmas in this case was exactly what it purported to be. Neither the Commissioner of Revenue nor the sheriff of Benton County was named in Purmas' motion to tax costs. They both were referred to by title in the same motion and there is no question that the motion was filed in the original cause in which the Commissioner was the plaintiff and the Purmas and Sheriff Saxon were strangers. The Commissioner of Revenue filed a response to Purmas' motion to tax costs. He practically admitted his liability for Purmas' claim to be taxed as costs. He contended, however, that the state court had lost jurisdiction of the subject matter to the Federal Bankruptcy Court, and the trial court apparently agreed.

It is difficult to understand how the state trial court concluded that it had lost jurisdiction over Purmas' petition to tax costs against the original plaintiff, Commissioner of Revenue, and retained jurisdiction of the same petition against the sheriff of Benton County. The trial court apparently considered Purmas' motion as a "Motion to Tax Costs" insofar as the original plaintiff Commissioner of Revenue was concerned, but considered it as a suit on contract insofar as Sheriff Saxon was concerned. It would appear that if the trial court lost jurisdiction of the subject matter of Purmas' motion to the Federal Court insofar as the Commissioner of Revenue was concerned, the same rule should apply with equal force to the sheriff of Benton County. We do not consider the effect of bankruptcy further because we are of the opinion that Purma was not entitled to a default judgment under Purma's motion to sever.

There is no question that the motion filed by Mr. and Mrs. Purma remained a motion to tax costs until after the trial court found that the bankruptcy court had exclusive jurisdiction of the subject matter insofar as the Commissioner of Revenue was concerned. The Commissioner of Revenue, as plaintiff in the original cause of action, would have been liable under the statute, § 12-1725, *supra,* as well as his response, had the trial court not found that the bankruptcy court had exclusive jurisdiction over the subject matter (apparently costs). The sheriff who levied the execution had a right to rely on the statute for protection against personal liability in the proper performance of his statutory duties. He had a right to assume that his arrangement for storage would be taxed as costs and awarded against the plaintiff as provided by statute. The summons served on Sheriff Saxon summoned him to answer within twenty days *"a motion to tax costs filed against Commissioner of Revenue . . ."* (Emphasis added). Saxon had every reason to consider Purmas' claim as a legitimate item of cost to be assessed against the Commissioner of Revenue, and he had no apparent reason to suspect that Purma would abandon his motion to tax his claim as costs and seek a separate judgment against him on contract, until Purma filed his motion to sever.

Purma's motion to sever was filed after his original motion was dismissed as to the Commissioner of Revenue. In the motion to sever Purma stated that his claim was *essentially* a cause of action on contract for reasonable rental entered into between him and the *defendant* Jack Saxon. He admitted that his cause was improperly filed as a motion to tax costs in the original lawsuit and should, therefore, be severed and given separate standing as an independent action in the Benton County Circuit Court. He then prayed that his claim against Saxon be severed and *given standing as a separate and independent action,* and that he be permitted to take a default judgment against Saxon. It would appear that after the order of dismissal as to the Commissioner of Revenue rendered on February 13, 1973, and filed on February 26, there would be nothing left to sever under Purma's motion filed on March 1, 1973.

As we view Purmas' original motion, it remained a motion to retax costs both as to the Commissioner of Revenue and the sheriff of Benton County. We agree with the

appellant that the rule of law announced in *Lowrey* v. *Yates*, 212 Ark. 399, 206 S.W. 2d 1, applies to the facts in the case at bar. In *Lowery* we quoted with approval the general rule from 49 C.J.S., § 194, p. 340, in this language:

" 'Where the complaint is amended in a matter of substance after default, a valid default judgment cannot be entered on the amended pleading unless the defendant is duly notified of the amendment and given opportunity to plead. Where the declaration or complaint is amended in a matter of substance after defendant has defaulted, the amendment opens the case in default, and a valid default judgment cannot thereafter be entered on the amended pleading, unless the defaulting defendant is properly notified of, or served with, the amended pleading and given opportunity to plead, and then fails to do so within the proper time.' "

See also *Shepherd* v. *Grayson*, 200 Ark. 199, 139 S.W. 2d 54.

In the case of *Hudgins* v. *Beavers*, 69 Ark. 577, 65 S.W. 99, Deputy Sheriff Beavers incurred expenses in taking care of personal property under an attachment levied by the sheriff through another deputy. Beavers filed a complaint directly against the original plaintiff and testified at the trial that his services were worth $3.00 per day and that he kept the goods for thirty-five days until they were released to the defendant in the suit as exempted property. The proof on behalf of the defendant was that the deputy's services were only worth $15.00 or $20.00 and that the goods might have been kept for the same time in a safe place for that amount. The situation in *Hudgins* was reversed from the situation in the case at bar in that the suit in *Hudgins* was on contract but was erroneously taxed as costs in the trial court. In that case this court said:

"No claim for these services as costs in the original suit was ever presented by the sheriff, but the deputy sues for the same in this independent suit, as per contract between himself and the defendants. * * * The circuit court * * * dismissed the suit as on contract, and permitted it, over the objection of defendant, to progress, treating it as a motion to retax costs, and rendered judgment in favor of plaintiff for the sum of $25 and costs."

There was no appeal from the judgment of the circuit court

dismissing the suit on contract but in reversing the judgment for the $25 taxed as costs, this court said:

"The circuit court was without jurisdiction to adjudicate the matter as on a motion to retax the costs, for the costs involved had not accrued in this proceeding, and neither the sheriff nor any of the parties in the attachment proceeding had moved for a retaxing of the costs. Nor was there ever any motion for that purpose. The judgment is therefore reversed, and the cause dismissed without prejudice."

As already pointed out, Ark. Stat. Ann. § 12-1725 (Repl. 1968) required the sheriff to safely keep and preserve the property taken or seized under legal process and directed the necessary expense in doing so to be *paid by the plaintiff* and taxed as costs. Purma had a right to pursue his claim as a motion to tax costs .under the provision of this statute and when he did so, Sheriff Saxon had a right to rely on such procedure as protection against separate and independent personal liability on contract. We are of the opinion that in Purma's motion to sever, he stated for the first time an independent and totally separate cause of action against Saxon on contract, and Saxon was entitled to notice and time to answer in defense of such new demand.

The judgment is reversed and the cause remanded.

Harris, C.J., and Fogleman, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I can neither follow nor accept the majority opinion and action in this case. As I analyze the opinion, the majority is saying:

1. The action of the trial court on the motion to dismiss by the Commissioner of Revenues somehow affected the proceedings so that no action against the appellant was pending thereafter.

2. That appellee's pleadings were amended in a matter of substance, apparently by his motion to sever.

3. Saxon had a right to rely upon appellee's motion to tax costs as insulation against his personal liability, and

was thereby justified in failing to answer.

4. That appellee first asserted a separate cause of action against Saxon on contract in his motion to sever.

I humbly submit that not only the conclusions of the majority but the premises on which they are based are erroneous and that the circuit judge was eminently correct in granting a default judgment.

Since I feel that certain portions of the record have been either ignored or not given adequate consideration, I deem it necessary to point out some matters disclosed in the record, at the same time endeavoring to minimize repetition of matter covered in the majority opinion.

The prayer of the motion to tax costs is that the claim of Purma for a rental fee be taxed as costs against the plaintiff and the Sheriff of Benton County, "jointly and severally." As a basis for quashing the service upon him attempted by mailing appellant a copy of this pleading, appellant stated " . . . it is in fact, a complaint stating a cause of action distinct from the action within and has not been served in the manner provided by law." In his brief in support of that motion, appellant stated:

> In reality, the petitioners are attempting to state an entirely new and distinct cause of action, based on facts which have nothing to do with the matters litigated in the above suit. As such, the matter is improperly styled, has not been filed as a new action, and has not been served by summons as required by Ark. Stat. Ann. § 27-301, et seq.

Thus, there is no way in which appellant could be justified in saying that the pleading filed by appellee so misled him that he did not understand that Purma was seeking a judgment against him for $2,756.

The nature and function of a pleading has always been determined by this court by its content, and sometimes by the manner in which it is treated by the parties, rather than by its title. *Hand* v. *Northwestern National Insurance Company*, 255 Ark. 802, 502 S.W. 2d 474. The facts stated in a pleading, not

what it is called by the pleader, determine its character and sufficiency. *Hoggard & Sons* v. *Russell Burial Association,* 255 Ark. 576, 501 S.W. 2d 613. We treat a pleading according to its substance, regardless of what it is called. *Home Insurance Co.* v. *Williams,* 252 Ark. 1012, 482 S.W. 2d 626; *Craft* v. *Armstrong,* 200 Ark. 681, 141 S.W. 2d 39; *Parker* v. *Nixon,* 184 Ark. 1085, 44 S.W. 2d 1088. The purpose of pleadings is to arrive at the exact issues between the parties and to apprise each party of what is admitted and what he is required to establish by testimony. *Beasley* v. *Haney,* 96 Ark. 568, 132 S.W. 646. They are required so that each party may know what issues are to be tried and may thus be in a position to enter the trial with his proof in readiness. *Urban Renewal Agency of Harrison* v. *Hefley,* 237 Ark. 39, 371 S.W. 2d 141; *Bachus* v. *Bachus,* 216 Ark. 802, 227 S.W. 2d 439. This court has stated on numerous occasions that rules of pleading are to be liberally construed, and every reasonable intendment indulged in behalf of the pleader. *Craft* v. *Armstrong,* supra; *McKim* v. *McLiney,* 250 Ark. 423, 465 S.W. 2d 911. Arkansas Statutes Annotated § 27-1150 (Repl. 1962) requires that for the purpose of determining the effects of a pleading, we construe its allegations liberally.

The majority has ignored these precepts and characterized Purma's pleading almost entirely upon the basis of the caption given it by the pleader. This is inconsistent with earlier holdings.

In *Feldman* v. *Feldman,* 171 Ark. 1097, 287 S.W. 384, this court affirmed the trial court's refusal to quash the pleading filed by a plaintiff in a replevin action and dismiss the action, saying:

Where there is a statement of the facts constituting the cause of action, whether the complaint be designated as an affidavit or complaint, it is sufficient to give the court jurisdiction. *Climer* v. *Aylor,* 123 Ark. 510, 185 S.W. 1097. The affidavit or complaint filed before the justice court has been duly brought into this record by certiorari and is set forth above. The instrument set out above, designated affidavit or complaint, contains a sufficient description of the goods in controversy and their value, and alleged that the plaintiff was entitled to possession thereof and that the defendant was in unlaw-

ful possession and unlawfully detained the same, and the plaintiff prayed judgment for the recovery thereof. This complaint was sufficient to give the court jurisdiction of the subject-matter to determine rights of property between the parties under section 8640, C. & M. Digest.

In *Parker* v. *Nixon,* supra, a receiver for a corporation filed a pleading, which he denominated a petition to vacate a judgment. Summons was issued and duly served. It was urged that the pleading was insufficient because the statute governing such proceedings required them to be initiated by filing a complaint. The court then said:

It is true this pleading was denominated a petition, and not a complaint; but this designation was unimportant, as the petition was in the nature of a complaint and contained all the allegations required by the statute. It was, therefore, properly treated by the court as a complaint.

*Home Insurance Company* v. *Williams,* supra, is particularly applicable here. In that case the defendant insurance company filed a motion to require the plaintiff, its policyholder, to make alleged uninsured motorist tortfeasors third party defendants. In this motion the insurance company alleged entitlement to a judgment over against these tortfeasors in the event plaintiff recover judgment against it. Thereafter, by an amended answer, the company reiterated this allegation, and prayed for judgment over against the tortfeasors, as alternative relief. We held that these pleadings were to be considered as a cross-complaint by the insurance company against the uninsured motorists.

In every case which has heretofore come before this court, we have ignored the title given a pleading when the effect of its allegations is clear.

We have also spoken to the matter of naming the parties in the caption of the pleading. We held that where a party clearly appeared to be a plaintiff in the body of the complaint, it was immaterial that his name did not appear in the caption. *Collins* v. *Lightle,* 50 Ark. 97, 6 S.W. 596. See *Nunez* v. *O. K. Processors, Inc.,* 238 Ark. 429, 382 S.W. 2d 384. There is no reason why this rule should not apply to both the plaintiff

Purma and the defendant Saxon in this case.

Appellant does not, and did not, in the circuit court, contend that service of the summons issued after the filing of his motion to quash was not had according to the return. He only contended that his motion to quash constituted an appearance which prevented a default judgment and that Purma, by his motion to sever, had waived his right to a default judgment. Of course, the idea that the motion to quash submitted Saxon to the jurisdiction of the court is quite inconsistent with the purpose and function of the motion. Such a motion, seeking only the quashing of service, does not defeat its own purposes by bringing the pleader into court for all purposes. *Nutrena Mills, Inc. v. Parsons Feed & Farm Supply*, 234 Ark. 1058, 356 S.W. 2d 421. Certainly, we cannot consider that the motion to quash performed the function of a demurrer sufficiently to prevent a default judgment under the authority of *Caine v. Lunon*, 209 Ark. 1008, 190 S.W. 2d 521, relied upon by appellant. Nor is it the type of motion which must have been disposed of, under the rule of that case, before a default judgment could be entered. In *Rice v. Simmons*, 89 Ark. 359, 116 S.W. 673, an authority relied upon in *Caine*, we held that, when it appears that the motion could not have been granted or its determination would not affect the plaintiff's right to proceed, the entry of a judgment by default is not reversible error. After the issuance and service of summons, in this case, the motion to quash became moot and had no bearing on Purma's right to proceed.

In my view the motion to sever changed nothing. In it, Purma stated: the claim was filed as a motion to tax costs; his course of action was essentially a claim on contract for reasonable rental, entered into between him and Saxon; costs taxable in the suit resulting from his claim were merely incidental to his action; consequently, the cause was improperly filed as a motion to tax costs and should be severed and given separate standing as an independent action; separate and independent service of process had been had more than 20 days previously, so he was entitled to default judgment. This pleading was filed after Saxon had moved to dismiss Purma's motion to tax costs, in which he asserted that the court had no jurisdiction and that the bankruptcy court had exclusive jurisdiction.

The trial court, in granting the motion to sever, found that Purma's claim constituted a separate and distinct cause

of action which should proceed as a separate civil action. I am unable to understand how anyone can say that the "complaint" was amended in any matter of substance. No new facts were stated. No new or different cause of action was asserted. No cause of action separate and distinct from that alleged in the motion to tax costs was set out. Nothing changed, except for a docketing of the action between Purma and Saxon, separate from the proceeding out of which the cause of action arose. In *Lowery* v. *Yates*, 212 Ark. 399, 206 S.W. 2d 1, cited in the majority opinion, we actually held that new service was necessary only when the complaint is amended in a matter of *substance*, after default. We relied upon *Shepherd* v. *Grayson Motor Co.*, 200 Ark. 199, 139 S.W. 2d 54, cited incidentally by appellant. However, the opinion in that case actually illustrates the principle that, in cases where there has been a default, new service is not required when there is an amendment to the complaint alleging facts which would entitle a plaintiff to incidental relief necessary to effectively accomplish the main purpose of the proceeding. The basis of the holding was that such an amendment did not amount to an amendment in a matter of substance or set up a new or different cause of action. This is in nowise contrary to our holding in *Kerr* v. *Kerr*, 234 Ark. 607, 353 S.W. 2d 350, also relied on by appellant. In that case, there were simply no allegations inferring any right to relief as to child custody in a divorce action. Naturally, it was held that the portion of the decree awarding such relief was improper after default by the defendant. Here the same relief against Saxon was sought by Purma throughout all procedures.

In the original motion, Purma (whether properly or not) sought to join or consolidate his claim[1] that the rental due him be taxed as costs in the case (for which appellant would not be liable) with his claim that he was entitled to judgment, jointly and severally, against the Commissioner of Revenues and appellant. Severance, by definition, is the division of one action into two or more *separate and distinct* actions and is, in effect, the converse of consolidation. 1 C.J.S. 1379, Actions, § 117; 1 C.J.S. 1385, Actions, § 122. If Purma had filed his mo-

---

[1]Although the propriety of this procedure is immaterial, appellee may have originally felt that this was proper, or at least not improper, under Ark. Stat. Ann. § 27-1305 (Repl. 1962) or Ark. Stat. Ann. § 27-1301 (Supp. 1973). See *Catlett* v. *Bradley*, 185 Ark. 260, 47 S.W. 2d 15; *American Insurance Co.* v. *Haynie*, 91 Ark. 43, 120 S.W. 825. If they were misjoined, the remedy would have been by motion to strike. Ark. Stat. Ann. §§ 27-1302, 1303 (Repl. 1962). Misjoinder is waived by failure to file such a motion. *Cooper* v. *Cooper*, 225 Ark. 626, 284 S.W. 2d 617.

tion to tax costs without making the sheriff a party, and filed his complaint against the sheriff in a separate action, the two proceedings, being of a like nature and relative to the same question, might have been consolidated by the court. Ark. Stat. Ann. § 27-1305 (Repl. 1962).[2] If so, joining the two was not prejudicial error. *Catlett* v. *Bradley*, 185 Ark. 260, 47 S.W. 2d 15; *American Insurance Co.* v. *Haynie*, 91 Ark. 43, 120 S.W. 825. A motion to sever was proper.

A severance only divides the action into two or more distinct and independent actions, to each of which all the incidents of the original action attach. *Hall* v. *City of Austin*, 450 S.W. 2d 836 (Tex. 1970); *Campbell* v. *Durant*, 110 Kan. 30, 202 P. 841 (1921); *Bryan* v. *Spivey*, 106 N.C. 95, 11 S.E. 510 (1890); *First National City Bank* v. *Cervera*, 43 Misc. 2d 843, 252 N.Y.S. 2d 537 (1964); *Steinbugler* v. *William C. Atwater & Co.*, 16 N.Y.S. 2d 851 (1939). The original causes of action are preserved and may be docketed and proceeded with as distinct actions without further service of summons. 1 C.J.S. Actions § 122 p. 1385. See *Keary* v. *Mutual Reserve Fund Life Assn.*, 30 F. 359 (E. D. Mo. 1887).

I would affirm the judgment.

I am authorized to state that the Chief Justice joins in this dissent.

---

[2]The purpose of the statute was to save a repetition of evidence and unnecessary consumption of time and costs in actions depending upon the same, or substantially the same, evidence, or arising out of the same transactions. *St. Louis, I. M. & S. Ry. Co.* v. *Raines*, 90 Ark. 482, 119 S.W. 266.